UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DARYL MANSON, <br><br>                    Plaintiff, <br><br>     v. <br><br> STATE OF WASHINGTON HEALTH CARE AUTHORITY, et al., <br><br>                    Defendants. | CASE NO. C17-0207JLR <br><br> ORDER DENYING MOTION TO APPOINT COUNSEL |

## I.   INTRODUCTION

Before the court is Plaintiff Daryl Manson's motion to appoint counsel. (Mot. (Dkt. # 9).) Mr. Manson is proceeding *pro se* and *in forma pauperis* ("IFP"). (*See* Compl. (Dkt. # 4); IFP Order (Dkt. # 3).) Defendants State of Washington Health Care Authority ("the HCA") and Northwest Hospital ("Northwest") (collectively, "Defendants") oppose Mr. Manson's motion. (NW Resp. (Dkt. # 12); HCA Resp. (Dkt. # 13).) The court has considered Mr. Manson's motion, the parties' submissions in

ORDER - 1

support of and opposition to the motion, the relevant portions of the record, and the applicable law. Being fully advised,[1] the court DENIES Mr. Manson's motion for the reasons set forth below.

## II.  BACKGROUND & ANALYSIS

Mr. Manson filed this suit on February 9, 2017. (*See* IFP Mot. (Dkt. # 1).) Although Mr. Manson's complaint is difficult to follow, it appears that he alleges that the HCA violated his privacy by disclosing his personal health information (Compl. at 4-9) and that Northwest committed medical malpractice during Mr. Manson's treatment there in January 2016 (*id.* at 10-15).

On March 7, 2017, Mr. Manson filed a document entitled "Plaintiff's Evidentiary Exhibits." (*See* Mot. at 1.) In that document, Mr. Manson states that he "in reality would like court[-]appointed counsel." (*Id.* at 6.) The court construed Mr. Manson's filing as a motion to appoint counsel. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (stating that courts must liberally construe *pro se* filings).

A district court has "discretion to designate counsel to represent an indigent civil litigant." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); *see also* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel."). The court may only do so, however, in "exceptional circumstances." *Wilborn*, 789 F.2d at 1331; *see also Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). The court may find exceptional circumstances after evaluating "the

---

[1] No party requested oral argument, and the court determines that oral argument would not be helpful to its disposition of the motion. *See* Local Rules W.D. Wash. LCR 7(b)(4).

likelihood of success on the merits" and "the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn*, 789 F.2d at 1331. The court must analyze both of these factors together before deciding whether to appoint counsel under Section 1915(e)(1). *See id.* The plaintiff seeking counsel bears the burden of demonstrating exceptional circumstances.[2] *Brogdon v. City of Phoenix Police Dep't*, No. CV-11-01389-PHX-RCB(MEA), 2013 WL 3155116, at *1 (D. Ariz. June 19, 2013).

      Mr. Manson makes no argument as to the likelihood of success on the merits of his claims (*see generally* Mot.), whereas Defendants argue that Mr. Manson's complaint suffers from jurisdictional defects and fails to state a claim (*see* NW Resp. at 2; HCA Resp. at 2). The court therefore cannot conclude that Mr. Manson is likely to succeed on the merits. Second, any difficulty Mr. Manson will experience in attempting to litigate his case does not stem "from the complexity of the issues involved." *Wilborn*, 789 F.2d at 1331. Indeed, the privacy violations and medical malpractice claims that Mr. Manson appears to allege are not especially complex. (*See* Compl. at 4-15; Mot. at 6-7 (stating only that "the intricacies are far to[o] chilling and strange").) That Mr. Manson might find "it difficult to articulate his claims *pro se*" is insufficient to demonstrate that his case involves complex legal issues. *Wilborn*, 789 F.2d at 1331. Accordingly, Mr. Manson

//

---

[2] Defendants have each filed a motion to dismiss (HCA MTD (Dkt. # 8); NW MTD (Dkt. # 11)), but district courts may not dismiss a *pro se* plaintiff's complaint prior to ruling on his motion for appointment of counsel, *see Johnson v. U.S. Dep't of Treasury*, 939 F.2d 820, 824 (9th Cir. 1991).

fails to meet his burden of establishing exceptional circumstances that warrant the appointment of counsel. *See Brogdon*, 2013 WL 3155116, at *1.

### III.  CONCLUSION

For the foregoing reasons, the court DENIES Mr. Manson's motion to appoint counsel (Dkt. # 9). The court directs Mr. Manson to the Western District of Washington's website, which provides materials to assist *pro se* litigants. *See Representing Yourself ("Pro Se")*, W. DIST. OF WASH., http://www.wawd.uscourts.gov/representing-yourself-pro-se; *E-Pro Se*, W. DIST. OF WASH., http://www.wawd.uscourts.gov/pro-se/e-pro-se.

Dated this 31st day of March, 2017.

JAMES L. ROBART
United States District Judge