UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DARYL MANSON,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF WASHINGTON HEALTH CARE AUTHORITY, et al.,<br><br>Defendants. | CASE NO. C17-0207JLR<br><br>ORDER GRANTING MOTIONS TO DISMISS |

## I. INTRODUCTION

Before the court are Defendants State of Washington Health Care Authority ("HCA") and Northwest Hospital & Medical Center's ("Northwest") motions to dismiss Plaintiff Daryl Manson's complaint. (HCA Mot. (Dkt. # 8); NW Mot. (Dkt. # 11).) The court has considered the motions, the parties' filings in opposition to and support of the

//

//

ORDER - 1

motions, the relevant portions of the record, and the applicable law. Being fully advised,[1] the court grants the motions for the reasons set forth below.

## II. BACKGROUND

Mr. Manson filed this suit on February 9, 2017. (*See* IFP Mot. (Dkt. # 1).) In the part of his complaint directed toward HCA, Mr. Manson copies the text of a notification he allegedly received from HCA regarding the unauthorized disclosure of Mr. Manson's Medicaid information between November 15, 2013, and December 24, 2015. (Compl. (Dkt. # 4) at 4-9.) The notification states that an HCA employee emailed spreadsheets containing health information to someone who should not have received the information. (*See id.* at 6.)

Mr. Manson's complaint then describes a series of events that allegedly occurred at Northwest in January 2016. (*See id.* at 10.) Mr. Manson alleges that after he was admitted to Northwest on January 3, 2016, staff gave Mr. Manson a variety of medications, inserted an intravenous line into his arm, caused Mr. Manson to go into cardiac arrest, and intubated Mr. Manson to start his breathing. (*Id.* at 10-11.) Mr. Manson asserts that he remained intubated and unconscious in the intensive care unit at Northwest from January 3, 2016, to January 9, 2016. (*Id.* at 11.) Mr. Manson further alleges that after regaining consciousness, he was moved to the rehabilitation unit of the hospital for 12 days. (*Id.* at 12.) While in the rehabilitation unit, a physician allegedly prescribed Mr. Manson medications that caused him to suffer hallucinations, vertigo, and

---

[1] No party requested oral argument, and the court finds that oral argument would not be helpful to its disposition of the motions. *See* Local Rules W.D. Wash. LCR 7(b)(4).

nausea. (*Id.* at 12.)  These ailments rendered Mr. Manson dependent on a walker to walk during his hospital stay. (*Id.*)  Mr. Manson was released from Northwest on January 22, 2016. (*Id.* at 13.)  Mr. Manson alleges that the events that occurred at Northwest were "a botched attempt . . . to mentally and physically incapacitate" him. (*Id.* at 17.)

Mr. Manson alleges that HCA was negligent in disclosing his personal health information and defamed him by doing so. (Compl. at 4-9.)  He asserts that Northwest committed medical malpractice during his treatment there. (*Id.* at 10-15.)  Mr. Manson seeks damages for his injuries. (*See id.* at 28, 31.)

Defendants have each filed a motion to dismiss for lack of subject matter jurisdiction and personal jurisdiction. (*See* HCA Mot. at 1; NW Mot. at 1.)  They argue that the Eleventh Amendment bars Mr. Manson's suit because he brings claims against entities that are immune from suit in federal court. (HCA Mot. at 1-2; NW Mot. at 2-3.)  Mr. Manson responds to the motions by requesting a tort claim form. (*See* 1st Resp. (Dkt. # 14) at 2 ("Plaintiff at this time is requesting a 'claim form' from State of Washington Risk Management to file a pre[-]suit complaint . . . ."); *see also* 2d Resp. (Dkt. # 19).)  The court now addresses Defendants' motions.

### III. ANALYSIS

Defendants' argument that the Eleventh Amendment bars Mr. Manson's claims implicates the court's subject matter jurisdiction. *See, e.g.*, *Savage v. Glendale Union High Sch., Dist. No. 205, Maricopa Cty.*, 343 F.3d 1036, 1040 (9th Cir. 2003).  For this reason, the court first addresses whether it has subject matter jurisdiction over this action.

//

Because the court concludes that it lacks subject matter jurisdiction, *see infra* § III.B, the court declines to address the question of personal jurisdiction.

**A.    Legal Standard**

A motion to dismiss pursuant to Rule 12(b)(1) tests the court's subject matter jurisdiction. *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004); *Holdner v. Or. Dep't of Agric.*, 676 F. Supp. 2d 1141, 1144 (D. Or. 2009). "When a motion to dismiss attacks subject-matter jurisdiction under Rule 12(b)(1) on the face of the complaint, the court assumes the factual allegations in the complaint are true and draws all reasonable inferences in the plaintiff's favor." *City of L.A. v. JPMorgan Chase & Co.*, 22 F. Supp. 3d 1047, 1052 (C.D. Cal. 2014); *see also Covarrubias v. Cty. of Mono*, No. CIV. S-09-0613 LKK/KJM, 2009 WL 2590729, at *1 (E.D. Cal. Aug. 20, 2009) ("In a Rule 12(b)(1) motion [bringing a facial attack], the plaintiff is entitled to safeguards similar to those applicable when a Rule 12(b)(6) motion is made."). The court also liberally construes a *pro se* plaintiff's filings. *Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013). When a party raises the question of subject matter jurisdiction, the plaintiff bears the burden of establishing the court's jurisdiction. *See Ass'n of Am. Med. Colls. v. United States*, 217 F.3d 770, 778 (9th Cir. 2000).

**B.    Defendants' Motions**

The law is clear that "agencies of the state are immune under the Eleventh Amendment from private damages or suits for injunctive relief brought in federal court."[2]

---

[2] "Eleventh Amendment immunity extends to state departments, agencies, boards, and commissions, and to state employees acting in their official capacity because a suit against them

*Savage*, 343 F.3d at 1040 (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984)). A plaintiff can overcome the Eleventh Amendment bar only if the state has consented to waive its sovereign immunity or if Congress has abrogated the state's immunity. *See Micomonaco v. Washington*, 45 F.3d 316, 319 (9th Cir. 1995).

Construing Mr. Manson's complaint liberally and in the light most favorable to him, the court concludes that the Eleventh Amendment bars Mr. Manson's suit. Mr. Manson asserts tort claims against HCA and Northwest—arms of the State of Washington.[3] (*See* Compl. at 4-15 (alleging negligence and defamation against HCA and medical malpractice against Northwest.) The State of Washington, however, has not waived its sovereign immunity for tort claims filed in federal court. *Hanson v. Wash. State Patrol*, No. C13-0166TOR, 2013 WL 4518594, at *2 (E.D. Wash. Aug. 26, 2013) (quoting *McConnell v. Critchlow*, 661 F.2d 116, 117 (9th Cir. 1981)) (stating that Washington's waiver of immunity for tort actions in its own courts does not waive Washington's immunity in federal court); *Lovely v. Washington*, No. C08-5625FDB, 2010 WL 55898, at *4 (W.D. Wash. Jan. 4, 2010) ("Although the State of Washington does permit tort actions against it in Washington state courts under the provisions of

---

is regarded as a suit against the State itself." *Planned Parenthood Ariz., Inc. v. Brnovich*, 172 F. Supp. 3d 1075, 1086 (D. Ariz. 2016).

[3] *See Brnovich*, 172 F. Supp. 3d at 1086; *Goodisman v. Lyle*, 724 F.2d 818, 820 (9th Cir. 1984) (holding that the University of Washington is an arm of the state); *Hontz v. State*, 714 P.2d 1176, 1180 (Wash. 1986) (holding that a hospital that the University of Washington operated and managed is an arm of the state); *Providence Health & Servs.-Wash. v. Dep't of Health of the State of Wash.*, 378 P.3d 249, 252 (Wash. Ct. App. 2016) (describing the University of Washington health system, which is affiliated with the University of Washington School of Medicine, as including Northwest).

RCW 4.92.010 and RCW 4.92.090, it has not waived its Eleventh Amendment immunity to suits against it in federal court.").

In response, Mr. Manson requests that he be given a tort claim form to file with Washington's office of risk management.[4] (*See* 1st Resp. at 2.) Mr. Manson correctly identifies that a plaintiff must file a claim form before filing a lawsuit alleging that a state entity is liable in tort. *See* RCW 4.92.100; RCW 4.92.110; *Mangaliman v. Wash. State DOT*, No. C11-1591RSM, 2014 WL 1255342, at *4 (W.D. Wash. Mar. 26, 2014) (discussing statutory claim filing requirements for instituting a tort suit against the State of Washington). However, even if Mr. Manson files such a form, the Eleventh Amendment bars Mr. Manson's tort claims against HCA and Northwest. Accordingly, Mr. Manson's claims fail for lack of subject matter jurisdiction.[5]

## C. Leave to Amend

When a court dismisses a *pro se* plaintiff's complaint, the court must give the plaintiff leave to amend unless it is absolutely clear that amendment could not cure the defects in the complaint. *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). Typically, this liberal standard warrants at least one opportunity for a *pro se* plaintiff to amend the complaint in response to the pleading deficiencies that the court identifies.

---

[4] Mr. Manson also filed a second response that is untimely. (*See* 2d Resp.) Even if the court were to consider this untimely response, however, Mr. Manson does not address Defendants' sovereign immunity argument and "concedes to Defendants regarding the instant cause before the tribunal." (*Id.* at 2.)

[5] Mr. Manson's complaint also independently fails for lack of diversity jurisdiction or federal question jurisdiction. *See* 28 U.S.C. §§ 1331 (conferring federal court jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States"), 1332(a) (stating requirements for diversity jurisdiction).

*See Eldridge v. Block*, 832 F.2d 1132, 1135-36 (9th Cir. 1987). In spite of this liberal standard, however, courts in the Ninth Circuit routinely deny leave to amend as futile when the Eleventh Amendment bars the plaintiff's claims. *See Block v. Wash. State Bar Assoc.*, No. C15-2018RSM, 2016 WL 1464467, at *10 (W.D. Wash. Apr. 13, 2016) (denying leave to amend based on the Eleventh Amendment); *Hupp v. Diaz*, No. ED CV 14-2559-VAP (SP), 2015 WL 4208567, at *3 (C.D. Cal. May 28, 2015) (same); *Wheeler v. Hilo Med. Ctr., Inc.*, No. 09-00533 JMS/KSC, 2010 WL 1711993, at *5 (D. Haw. Apr. 27, 2010) (same); *Gallagher v. Univ. of Cal., Hastings Coll. of the Law*, No. C011277PJH, 2001 WL 1006809, at *4 (N.D. Cal. Aug. 16, 2001) ("The dismissal is without leave to amend because an amendment would be futile in view of the court's finding that the defendants enjoy sovereign immunity."); *but see Sodaro v. Supreme Court of Ariz.*, No. CV-12-0371-PHX-JAT, 2013 WL 1123384, at *1-2 (D. Ariz. Mar. 18, 2013) (allowing amendment because the *Ex Parte Young* exception allows a plaintiff to sue state officials in their official capacities for prospective relief).

Here, the Eleventh Amendment bars tort claims against HCA and Northwest regardless of how Mr. Manson amends his complaint. For this reason, the court concludes that it would be futile to allow Mr. Manson to amend his complaint and declines to grant leave to amend.

//

//

//

//

## IV.  CONCLUSION

For the foregoing reasons, the court GRANTS Defendants' motions to dismiss (Dkt. ## 8, 11) and DISMISSES Mr. Manson's complaint with prejudice to pursuing these claims in federal court.

Dated this 14th day of April, 2017.

JAMES L. ROBART
United States District Judge